IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-1871

WENDY KOLBE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization,

      Plaintiffs,

v.

ENDOCRINE SERVICES, P.C., a Colorado Corporation,

      Defendant.

---

## COMPLAINT

---

Plaintiffs, Wendy Kolbe and the Colorado Cross-Disability Coalition ("CCDC"), by and through undersigned counsel, hereby bring this Complaint against Endocrine Services, P.C., a Colorado Corporation, for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq*., and the Colorado Anti-Discrimination Act ("CADA"), Parts 6 and 8, Title 24, Article 34, Colorado Revised Statutes.

### <u>Introduction</u>

1.      On July 26, 1990, more than twenty-five years ago, the ADA was passed, establishing the most important civil rights law for people with disabilities in the nation's history.

2.      The ADA was passed to ensure people with disabilities are not discriminated against.

3.      Section 504 was passed in 1973 to ensure that no entity receiving federal financial

assistance discriminates against individuals with disabilities.

4.      The CADA was passed in the state of Colorado to ensure, in part, that individuals with disabilities do not face discrimination. The Colorado law also prohibits discrimination against individuals who are training service animals.

5.      One of the purposes of these anti-discrimination laws is ensuring that individuals with disabilities who use service animals can utilize them in places of public accommodation, like medical offices.

6.      Title III of the ADA specifically applies to places of public accommodation, including medical offices.

7.      Part 8, Title 24, Article 34 of the Colorado Revised Statutes specifically addresses "Persons with disabilities—Civil rights." Sections 803 and 804 of that law specifically pertain to the "Rights of Individuals with Service Animals" and penalties related to violations of that statute.

8.      Part 8, Title 24, Article 34, Colorado Revised Statutes, was amended by the Colorado legislature in 2014 to secure stronger enforcement mechanisms for discrimination against individuals with disabilities who utilize service animals.

9.      The ADA was also amended in 2010 to address specifics about service animals, and the United States Department of Justice ("DOJ") has provided information easily attainable on the Internet concerning the responsibilities of businesses and medical facilities with respect to service animals. *See, e.g.* United States DOJ Civil Rights Division Disability Rights Section, ADA Requirements: Service Animals, https://www.ada.gov/service_animals_2010.htm.

10.     As set forth more fully below, Defendant discriminated against Ms. Kolbe on the basis of disability by refusing to provide endocrinology services to Ms. Kolbe with her service

dog present.

11.     Plaintiffs seek a court order compelling Defendant to comply with the ADA,

Section 504 and the CADA, monetary damages and the recovery of their reasonable attorneys'

fees and costs as permitted under these statutes.

## Jurisdiction and Venue

12.     This Court has jurisdiction over the federal claims in this action pursuant to 28

U.S.C. §§ 1331 and 1343, and may exercise jurisdiction over the state claims pursuant to its

authority under 28 U.S.C. § 1367(a).

13.     Venue is proper within this District pursuant to 28 U.S.C. § 1391.

## Parties

14.     Plaintiff Wendy Kolbe is and was at all times pertinent hereto, a resident of the state

of Colorado.

15.     Ms. Kolbe is substantially limited in several major life activities, constituting

multiple disabilities as defined by the ADA, including, *inter alia*, diabetes.

16.     Ms. Kolbe utilizes a service dog, Bandit, an average sized Border Collie, which has

been individually trained to, *inter alia*, warn her of blood sugar spikes and valleys.

17.     Ms. Kolbe is a member of Plaintiff CCDC.

18.     Plaintiff CCDC is a Colorado non-profit corporation whose members are persons

with disabilities and their non-disabled allies. Many of CCDC's members are persons with

disabilities who use service animals.

19.     Defendant Endocrine Services, P.C. is a corporation, incorporated in the state of

3

Colorado, a public accommodation, which provides endocrinological services at its principal place of business located at 1303 Fortino Boulevard, Suite A in Pueblo, Colorado.

## Facts

20.     In the spring of 2016, Ms. Kolbe's primary care professional, Cherie Millirons, PA-C, referred Ms. Kolbe for endocrinological services at Defendant's office.

21.     Following Ms. Millirons' referral, Defendant's agents called Ms. Kolbe to make an appointment.

22.     On or about May 17, 2016, the date of the scheduled appointment, Ms. Kolbe presented at Defendant's offices along with her service dog, Bandit.

23.     Ms. Kolbe and Bandit entered Defendant's office and checked in at the front desk, where she was given paperwork to complete prior to her appointment.

24.     Ms. Kolbe was, on information and belief, the only patient in the waiting room at the time.

25.     Ms. Kolbe took a seat in Defendant's waiting room to complete her paperwork, while Bandit lay out of the way next to her, near her left foot.

26.     A few minutes after Ms. Kolbe began her paperwork, a man who Ms. Kolbe understood to be Dr. Agha B. Khan, appeared in the waiting room.

27.     On information and belief, Dr. Khan is the sole director and officer of Defendant, and is the sole physician practicing in Defendant's office.

28.     Upon seeing Bandit, the man walked up to Ms. Kolbe and told her that dogs are not permitted in the office.

4

29.    Ms. Kolbe told the man that Bandit is her service dog, to which the man responded that he did not care if Bandit was a service dog and that Ms. Kolbe needed to remove him from the office.

30.    The man appeared to become angry and raised his voice in a very cross manner while informing Ms. Kolbe that Bandit was not permitted in the office.

31.    The man stated that others in the office did not like dogs, so Ms. Kolbe would have to leave Bandit outside if she wanted to be seen by the doctor.

32.    Ms. Kolbe relies on Bandit for multiple services and rendering him unavailable to her is improper, discriminatory and dangerous to her health and wellbeing.

33.    Bandit was under the control of Ms. Kolbe at all times.

34.    Ms. Kolbe attempted to explain to the man that, because Bandit is a service dog, she had a right to keep Bandit with her, but the man did not relent, repeating that Ms. Kolbe would not be seen with Bandit in the building.

35.    Because it was clear that Ms. Kolbe would not be permitted to be in the offices of the Defendant or be seen by the doctor unless she removed her service animal from the office, Ms. Kolbe then returned the partially-completed paperwork back to Defendant's staff and left the clinic with Bandit.

36.    Ms. Kolbe was extremely distraught upon leaving the office and sat in her car for approximately thirty minutes to calm down before she was able to drive.

37.    During the time that Ms. Kolbe sat in her car, Bandit attempted to comfort her, but those efforts merely reminded Ms. Kolbe of the discriminatory treatment she had just suffered in

Defendant's office.

38.     When Ms. Kolbe had calmed down enough to drive, she went immediately home

where she stayed in bed for approximately four days before she had recovered enough to leave bed,

which was a direct and proximate result of Defendant's discrimination.

39.     Ms. Kolbe was damaged by Defendant's conduct.

40.     Ms. Kolbe would return to Defendant's office if Defendant would comply with the

law regarding service animals.

41.     Plaintiff CCDC is a disability rights membership organization, with members who

train and/or use service animals in Pueblo and throughout Colorado.

42.     CCDC members who use service animals in and around the Pueblo, Colorado area,

including Ms. Kolbe, are likely to seek services at Defendant's office in the future, but will do so

only if Defendant modifies its policies, practices and procedures to permit individuals with

disabilities to use their service animals in its office.

43.     CCDC provides training to its advocates and the public regarding service animals

and the laws on service animals.

44.     CCDC's mission and purpose are to promote independence, self-reliance, and full

and equal participation for people with all types of disabilities and to combat discrimination

against individuals with disabilities through advocacy, education, research and training. As a part

of that purpose, CCDC works to ensure that individuals with disabilities who use service animals

or service animals in training do not face discrimination by places of public accommodation like

Defendant's office.

6

45.     CCDC engages in extensive outreach, advocacy, and educational efforts to promote access for and combat discrimination against people with disabilities. This effort and this purpose have been and continue to be adversely affected by Defendant's violations of the ADA, Section 504 and the CADA.

46.     Defendant's actions have caused and continue to cause distinct, palpable and perceptible injury to CCDC. Those injuries include, but are not limited to, those described herein.

47.     In the absence of the injunction sought herein, Defendant will continue to discriminate against individuals with disabilities who use service animals and service animals in training.

48.     As advocates for individuals who use service animals and service animals in training, CCDC has an interest in ensuring that a place of public accommodation, such as Defendant's office, allows individuals with disabilities who use service animals and service animals in training to access its services just like all other customers.

49.     CCDC members are injured by their inability to utilize Defendant's services with their service animals and service animals in training.

50.     Defendant's discriminatory actions have caused CCDC to expend resources to investigate and remedy the violations of law alleged herein.

51.     CCDC's members who use service animals or service animals in training have been injured and will continue to be injured by Defendant's refusal to comply with the ADA, Section 504 and the CADA, and Defendant's continued discrimination against individuals with disabilities who use service animals.

7

52.    CCDC's injuries are traceable to Defendant's discriminatory conduct alleged herein, and will be redressed by the relief requested.

53.    The elimination of discrimination, such as that of Defendant, is at the core of CCDC's organizational purpose.

**First Claim for Relief**
(Violations of the ADA)

54.    Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as fully set forth herein.

55.    Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

56.    Title III continues: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." *Id.* at (b)(1)(A)(i).

57.    Ms. Kolbe is an individual with multiple disabilities. *See* 42 U.S.C. § 12102.

58.    Ms. Kolbe utilizes a service dog, Bandit.

59.    Bandit is housebroken.

60.    During all times pertinent hereto, Bandit was in Ms. Kolbe's control.

8

61.     Defendant's office is a public accommodation. 42 U.S.C. § 12181(7)(F)

("professional office of a health care provider, hospital, or other service establishment"); *Levorsen*

*v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1234 (10th Cir. 2016) (medical facility is a "service

establishment" under the ADA).

62.     As the DOJ's regulations implementing Title III explain, "[g]enerally, a public

accommodation shall modify policies, practices, or procedures to permit the use of a service

animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

63.     The regulations continue, "[i]ndividuals with disabilities shall be permitted to be

accompanied by their service animals in all areas of a place of public accommodation where

members of the public, program participants, clients, customers, patrons, or invitees, as relevant,

are allowed to go." *Id.* at (c)(7).

64.     Bandit has been individually trained to perform tasks for the benefit of Ms. Kolbe,

including, *inter alia*, to warn her of blood sugar spikes and valleys.

65.     The DOJ has specifically addressed the issue of whether service animals are

permitted in medical offices. *See, e.g.*, ADA Business BRIEF: Service Animals,

https://www.ada.gov/archive/svcanimb.htm ("Under the Americans with Disabilities Act (ADA),

businesses and organizations that serve the public must allow people with disabilities to bring their

service animals into all areas of the facility where customers are normally allowed to go. This

federal law applies to all businesses open to the public, including . . . hospitals and medical offices

. . . .").

66.     Defendant discriminated against Ms. Kolbe on the basis of her disability.

67.    For the reasons set forth above, Defendant has discriminated against CCDC.

68.    In addition to the reasons set forth above, Defendant has discriminated against CCDC because CCDC has a relationship or association with Ms. Kolbe. 28 C.F.R. § 36.205.

69.    In the absence of the injunction requested herein, Defendant will continue to discriminate against Ms. Kolbe and other individuals with disabilities who use service animals, including other CCDC members, on the basis of disability in violation of Title III of the ADA and its implementing regulations.

70.    Plaintiffs have been injured, damaged and aggrieved by and will continue to be injured, damaged and aggrieved by Defendant's discrimination.

<u>**Second Claim for Relief**</u>
(Violations of Section 504)

71.    Section 504 provides in pertinent part, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

72.    Ms. Kolbe is a qualified individual with a disability.

73.    Defendant's endocrinological services constitute a "program or activity." *Id.* at (b)(3) ("an entire corporation, partnership, or other private organization, or an entire sole proprietorship . . . which is principally engaged in the business of providing education, health care").

10

74.     Defendant accepts federal financial assistance in the form of, *inter alia*, Medicaid payments.

75.     Defendant subjected Ms. Kolbe to discrimination solely on the basis of her disability as described in this Complaint.

76.     Defendant acted with reckless disregard for Ms. Kolbe's civil rights.

77.     Ms. Kolbe was damaged by Defendant's reckless disregard for her civil rights.

78.     CCDC has been damaged by Defendant's reckless disregard for the rights of individuals with disabilities who use service animals.

79.     Absent the injunction sought herein, Defendant will continue to discriminate against Ms. Kolbe and other CCDC members with disabilities who use service animals.

**Third Claim for Relief**
(Violations of CADA)

80.     Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as fully set forth herein.

81.     Under the CADA, "[i]t is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability[.]" Colo. Rev. Stat. § 24-34-601(2)(a).

82.     Under the CADA, "person" includes corporations. Colo. Rev. Stat. §24-34-301(5)(a).

83.     "A court that hears civil suits pursuant to this section shall apply the same standards and defenses that are available under the federal "Americans with Disabilities Act of 1990", 42

11

U.S.C. sec. 12101 et seq., and its related amendments and implementing regulations." Colo. Rev.

Stat. § 24-34-802(4).

84.     "The Law concerning handicap and/or disability is substantially equivalent to

Federal law, as set forth in the Americans with Disabilities Act, as amended, and the Fair Housing

Act concerning disability." 3 Colo. Code Regs. § 708-1:60.1.

85.     The CADA continues, "[a] claim brought pursuant to paragraph (a) of this

subsection (2) that is based on disability is covered by the provisions of section 24-34-802." Colo.

Rev. Stat. § 24-34-601(2)(b).

86.     Section 802, Title 24, Article 34, Colorado Revised Statutes, in turn, provides in

pertinent part:

> (1) It is a discriminatory practice and unlawful for any person to discriminate
> against any individual or group because such person or group has opposed any
> practice made a discriminatory practice based on disability pursuant to part 5, 6, or
> 8 of this article, or because such person or group has made a charge, testified,
> assisted, or participated in any manner in an investigation, proceeding, or hearing
> conducted pursuant to part 5, 6, or 8 of this article.
>
> (2)(a) A qualified individual with a disability, as defined in section 24-34-301(5.6),
> who is subject to a violation of subsection (1) of this section or of section
> . . . 24-34-601, or 24-34-803 based on his or her disability may bring a civil suit in a
> court of competent jurisdiction and is entitled to any of the following remedies:
>
>> (I) A court order requiring compliance with the provisions of the applicable
>> section;
>> (II) The recovery of actual monetary damages; or
>> (III) A statutory fine not to exceed three thousand five hundred dollars.

87.     Section 803, Title 24, Article 34, Colorado Revised Statutes continues:

> A qualified individual with a disability has the right to be accompanied by a service
> animal individually trained for that individual . . . in or on the following places or

12

during the following activities and subject to the conditions and limitations
established by law and applicable alike to all individuals: (a) Any place of . . .
public accommodation; . . . or (d) Any other place open to the public.

88.    Under the CADA,

"place of public accommodation" means any place of business engaged in any sales to the
public and any place offering services, facilities, privileges, advantages, or
accommodations to the public, including but not limited to any business offering wholesale
or retail sales to the public; . . ., or other establishment conducted to serve the health . . ., or
public facility of any kind whether indoor or outdoor.

Colo. Rev. Stat. § 24-34-601(1).

89.    Section 804, Title 24, Article 34, Colorado Revised Statutes, in turn, provides:

(1) It is unlawful for any person, firm, corporation, or agent of any person, firm or
    corporation to:

    (a) Withhold, deny, deprive, or attempt to withhold, deny, or deprive a qualified
    individual with a disability who is accompanied by a service animal . . . of any of the
    rights or privileges secured in section 24-34-803;

    (b) Threaten to interfere with any of the rights of a qualified individual with a disability
    who is accompanied by a service animal . . . secured in section 24-34-803;
    (c) Punish or attempt to punish a qualified individual with a disability who is
    accompanied by a service animal . . . for exercising or attempting to exercise any rights
    or privileges secured by section 24-34-803; or

    (d) Interfere with . . . a service animal.

90.    The statute continues, "a person who violates the provision of subsection (1) of this

section is liable to the qualified individual with a disability who is accompanied by a service

animal . . . whose rights were affected for the penalties provided in section 24-34-802." Colo. Rev.

Stat. § 24-34-804(3)(a)(I).

13

91.     The CADA also permits successful plaintiffs to recover their attorneys' fees and

costs. Colo. Rev. Stat. §§ 24-34-802(3) ("An award of attorney fees and costs pursuant to section

24-34-505.6(6)(b) applies to claims brought pursuant to this section."), 804(3)(b) ("In any action

commenced pursuant to this subsection (3), a court may award costs and reasonable attorney

fees.").

92.     Defendant has discriminated against Plaintiffs on the basis of disability by adhering

to a policy or practice of excluding service animals from its office.

93.     Defendant and its agents acted intentionally and with a reckless disregard for Ms.

Kolbe's civil rights.

94.     Defendant has discriminated against CCDC and its members with disabilities who

use service animals by maintaining policies that exclude service animals from its offices.

95.     Plaintiffs have been and will continue to be harmed by the discrimination against

Ms. Kolbe.

96.     In the absence of the injunction requested herein, Defendant will continue to

discriminate against Plaintiffs, and other CCDC members who use a service animal, on the basis of

disability in violation of the CADA.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiffs respectfully pray:

1.     That this Court assume jurisdiction;

2.     That this Court issue an Order declaring Defendant to be in violation of Section

504, Title III of the ADA, and the CADA;

14

3.      That this Court issue an injunction ordering Defendant to comply with the ADA, Section 504, and the CADA by permitting individuals with disabilities to use their service animals in Defendant's office;

4.      That this Court awards Plaintiffs damages.

5.      That this Court award Plaintiffs their reasonable attorneys' fees and costs; and

6.      That this Court award such additional or alternative relief as may be just, proper and equitable.

JURY DEMAND:   Plaintiffs request this case be heard by a jury.

15

Respectfully Submitted,

*/s/ Andrew C. Montoya*
Andrew C. Montoya
Kevin W. Williams
Colorado Cross-Disability Coalition
1385 South Colorado Boulevard
Suite 610-A
Denver, Colorado 80222
Phone: (303) 839-1775
Facsimile: (720) 420-1390
E-mail: amontoya@ccdconline.org
E-mail: kwilliams@ccdconline.org

Attorneys for Plaintiffs

Dated: August 2, 2017

Address of Plaintiff Wendy Kolbe:

PO Box 166
Avondale, Colorado 81022

Address of Plaintiff Colorado Cross-Disability Coalition:

1385 South Colorado Boulevard
Suite 610-A
Denver, Colorado 80222

16