# Exhibit 2

IN THE UNITED DATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-1871-RM-STV

WENDY KOLBE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization,

    Plaintiffs,

v.

ENDOCRINE SERVICES, P.C., a Colorado Corporation,

    Defendant.

## WENDY KOLBE'S DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY

I, Wendy Kolbe, declare as follows:

1. I am familiar with the facts stated below based on my own personal knowledge, and if called upon could and would testify competently about them.

2. I am over the age of eighteen years, and a resident of the State of Colorado.

3. I am a Plaintiff in the above-captioned action, and I am competent to testify as to the matters contained in this Declaration and would do so if called upon to do so.

4. I have been diagnosed with a hard-to-control form of Diabetes that causes unpredictable blood sugar spikes and valleys.

5. The presence and severity of my Diabetes has been recorded numerous times in my medical records from various health care providers, including the provider that referred me to Defendant's office for Diabetes-related care. Attached hereto as Exhibit A is a true and

1

correct copy of a letter I received from my primary care provider documenting my diabetes and need for a service animal.

6. In order to monitor unanticipated changes to my blood sugar levels, I utilize a service dog, Bandit, who was individually trained for me to detect such level changes based on scents that humans cannot sense.

7. Because of the unpredictable nature of my blood sugar levels, I keep Bandit with me at all times, near enough that he can smell any scents emanating from me that relate to unanticipated changes to my blood sugar levels.

8. In the spring of 2016, I was referred to Defendant's office for health care related to my Diabetes.

9. When I arrived for the appointment at Defendant's office, I brought Bandit with me.

10. While seated in Defendant's office's waiting room completing my new patient paperwork, with Bandit lying on the ground next to me, a man I understood to be Dr. Agha B. Khan approached me and crossly stated that dogs are not permitted in the office.

11. Dr. Khan did not ask whether Bandit was a service animal.

12. I informed Dr. Khan that Bandit is my service animal, and I presented Dr. Khan with a copy of Bandit's certification card, a true and correct copy of which is attached hereto as Exhibit B.

13. Dr. Khan responded to me that he did not care whether Bandit was a service animal or not, as Bandit would have to leave the office if I wanted to be seen.

14. Dr. Khan did not ask what services Bandit performs for me.

15. Dr. Khan did not ask me to provide any reasons for why Bandit's presence was necessary during my appointment.

16. Dr. Khan simply became increasingly hostile, stating that he did not care whether Bandit was a service animal, and reiterating that I needed to remove Bandit from the office.

17. I did not receive the health care services I sought from Defendant's office because I was not permitted to keep Bandit with me during my appointment at Defendant's office.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 19, 2018

/s/ Wendy Kolbe
Wendy Kolbe