# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-1871-RM-SKC

WENDY KOLBE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization,

    Plaintiffs,

v.

ENDOCRINE SERVICES, P.C., a Colorado Corporation,

    Defendant.

___

## ORDER
___

At issue in this case is whether Defendant violated Title III of the American with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Colorado Anti-Discrimination Act ("CADA"). Plaintiffs contend Defendant did so when Dr. Agha B. Khan, the only treating physician employed by Defendant, refused to allow Plaintiff Wendy Kolbe ("Ms. Kolbe") to have her alleged service dog Bandit to accompany her at her office visit. Plaintiffs have moved for summary judgment on the issue of liability (the "Motion") (ECF No. 28) but only as to the ADA and Section 504 (collectively, the "Federal Disability Acts") claims. Defendant has filed a Response, to which Plaintiffs have filed a Reply (ECF Nos. 32, 37). For the reasons stated herein, the Motion is DENIED.

## I. BACKGROUND[1]

On or about May 12, 2016, Ms. Kolbe's primary care provider referred her to Defendant's practice for endocrine services. (ECF No. 42, pp. 2-3.) Dr. Khan is the only treating physician employed by Defendant and his practice is to obtain laboratory data on new patients before his initial consultation with them. On June 7, 2016, Dr. Khan's staff printed a Laboratory Data Report on Ms. Kolbe. That report is stated to be ordered on April 26, 2016, and indicates a Hemoglobin A1c result of 5.6, which is in the non-diabetic range. (ECF No. 37-1, p. 1; No. 37-21, p. 1.) Dr. Khan reviewed the report prior to Ms. Kolbe's appointment on June 8, 2016.

On June 8, 2016, Ms. Kolbe appeared at her appointment with her dog Bandit and was filling out her paperwork in the waiting room when she was approached by Dr. Khan. Ms. Kolbe mentioned that Bandit was her service dog, but Dr. Khan asked her to take Bandit to her vehicle. The parties dispute exactly what was said but, needless to say, Ms. Kolbe was not seen by Dr. Khan that day.

Defendant has a policy in place that requires individuals with service dogs to: (1) identify the animal as a service animal, and (2) provide "reasons for the presence of [the] pet during medical office visit[s.]" In addition, Defendant's policy provides that "[i]f there is no obviously visible impairment/disability to the patient and the patient does not provide the reason/necessity for the presence of pet at the time of visit to the medical office, patient is

---

[1] Defendant fails to provide a Statement of Undisputed Material Facts, or provide a response to Plaintiff's statement (ECF No. 32-1), as required by Judge Raymond P. Moore's Civil Practice Standards. Nonetheless, Defendant does respond to the ten numbered paragraphs in Plaintiffs' "Introduction" in their Motion (ECF No. 37, pp. 1-2; No. 28, pp. 1-3). While Plaintiffs appear to contend that Defendant admitted and denied matters in Plaintiff's statement (ECF No. 41, p. 7, n.5), the Court's review shows it was to Plaintiff's *Introduction*.

requested to have the pet taken to their vehicle or have it taken out for a walk by patient's companion if present." (ECF No. 28, p. 2; No. 37, p. 1.)

Based on Dr. Khan's actions, Plaintiffs filed this action alleging three claims for relief. Plaintiffs' Motion asserts that, based on the undisputed material facts, as a matter of law Defendant is liable under the Federal Disability Acts.

## II.     LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). There is no genuine issue of material fact "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

The Court is "not obligated to comb the record in order to make [a party's arguments]," *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000), or to conduct a "fishing

expedition" of any record evidence, *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 635 (10th Cir. 2008) (approving district court's statement concerning nonmovant's failure on summary judgment, citation omitted). And, the facts must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

III.   ANALYSIS

A. **Disability**

Section 504 of the Rehabilitation Act provides, in relevant part, that "No otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Generally, to prevail on a claim under Section 504, a plaintiff must prove: "(1) that [she] is a 'handicapped individual' under the Act, (2) that [she] is 'otherwise qualified' for the benefit sought, (3) that [she] was discriminated against solely by reason of [her] handicap, and (4) that the program or activity in question receives federal financial assistance.'" *Cohon ex rel. Bass v. New Mex. Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011) (internal alterations omitted, brackets added) (quoting *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1492 (10th Cir. 1992)).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). As

4

relevant here, to prevail on a claim under this provision, a plaintiff must show that she is a disabled person as defined by the ADA and the defendant owns or operates a public place of public accommodation. *See Zwygart v. Board of County Comm'rs of Jefferson County, Kansas*, 483 F.3d 1086, 1090 (10th Cir. 2007) (setting forth requirements for prima facie case of employment discrimination under the ADA); *see Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1230-31 (10th Cir. 2016) (addressing requirement of "public accommodation").

In this case, the parties dispute whether Ms. Kolbe has a "disability" covered under both Federal Disability Acts.[2] The parties apparently agree the standards for determining liability under both acts are generally the same, and that cases interpreting either are applicable and interchangeable. (ECF No. 28, p. 7; *see* No. 37.)

Congress defined the term "disability" under the ADA in three ways. 42 U.S.C. § 12102(1)(A)-(C). They are, with respect to an individual: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." *Id.* Plaintiffs argue Ms. Kolbe is disabled under all three definitions: Ms. Kolbe has diabetes (actual disability), Ms. Kolbe has a record of having diabetes, and/or Defendant regarded Ms. Kolbe as an individual with diabetes. The Court addresses each argument in turn.

1. **"Has Diabetes" (Actual Disability)**

Plaintiffs contend there is no genuine issue of material fact that Ms. Kolbe has diabetes based on her affidavit to that effect,[3] the medical records she supplied (including a letter from her

---

[2] Defendant does not dispute that *if* Ms. Kolbe has diabetes, she would be a person with a disability covered under the Federal Disability Acts. *See* Response.
[3] The Court notes Plaintiffs state that "Ms. Kolbe *alleges* that she 'has a hard-to-control form of diabetes….'" (ECF No. 41, p. 5, emphasis added.)

5

primary care provider that she has diabetes), and their dispute as to the significance of the A1c finding relied on by Defendant. In response, Defendant relies on the affidavit of Dr. Khan and one of Ms. Kolbe's medical records to dispute that she has diabetes – the Laboratory Data Report showing her A1c as within the normal range. On this record, the Court finds there is evidence sufficient to create a triable issue of fact as to whether Ms. Kolbe has diabetes.

First, the parties' dispute concerning the A1c result goes to the weight to be afforded the results of the test, which on summary judgment the Court must draw all reasonable inferences in favor of the nonmovant – the Defendant.[4]

Next, Plaintiffs direct the Court to Ms. Kolbe's entire medical record but fail to identify where the Court should look to find the evidence which supports their position. On even a cursory review, the Court finds the record (construed in a light most favorable to Defendant) supports the finding that there is a genuine issue of material fact on the issue of Ms. Kolbe's diabetes. For example, the earliest medical record is dated April 26, 2016, which shows Ms. Kolbe's primary care provider took a "history" of Ms. Kolbe's illness and what she "report[ed]"; and ordered the Hemoglobin A1c test *upon which Dr. Khan – who Plaintiffs represent is an endocrine specialist[5] – relied*.[6] Further, the May 12, 2016, medical record states: "irregular

---

[4] Moreover, the Court visited the National Institute of Diabetes and Digestive and Kidney Diseases website cited by Plaintiffs and found, among other things, the following: "The A1C test is a blood test that provides information about your average levels of blood glucose, also called blood sugar, over the past 3 months. The A1C test can be used to diagnose type 2 diabetes and prediabetes. The A1C test is also the primary test used for diabetes management." (footnote omitted); "Health care professionals can use the A1C test alone or in combination with other diabetes tests to diagnose type 2 diabetes and prediabetes."; "Health care professionals also use the fasting plasma glucose (FPG) test and the OGTT to diagnose type 2 diabetes and prediabetes."; and "In some people, a blood glucose test may show diabetes when an A1C test does not. The reverse can also occur—an A1C test may indicate diabetes even though a blood glucose test does not. Because of these differences in test results, *health care professionals repeat tests before making a diagnosis*." (https://www.niddk.nih.gov/health-information/diabetes/overview/tests-diagnosis/a1c-test#3 (last visited March 7, 2019 (emphasis added).) Thus, further supporting a finding that there are genuine issues of material fact as to whether Ms. Kolbe has diabetes.
[5] ECF No. 41, p. 7.

highs and lows, will refer to endo for consideration of insulin pump," and the June 21, 2016, medical record states "I [primary care provider] have advised patient [Ms. Kolbe] of her *inconsistent* diabetes readings." (ECF No. 30, pp. 8, 13, 17.) This is the same primary care provider who wrote that Ms. Kolbe has diabetes and who apparently referred Ms. Kolbe to *Dr. Khan* for a consultation/evaluation of Ms. Kolbe's health condition. And, the only diabetes readings the Court is aware of[7] is that upon which Dr. Khan relies, which indicates Ms. Kolbe does not have diabetes. On this record, a reasonable fact finder could go either way on the issue; therefore, summary judgment may not be had. *Auraria Student Housing at the Regency v. Campus Vill. Apartments, LLC*, 843 F.3d 1225, 1247 (10th Cir. 2016) (party is entitled to summary judgment if the evidence points only one way and no reasonable inferences could support the nonmoving party's position).

### 2. "Has a record of diabetes" (Record of Disability)

Plaintiffs' initial argument of a "record" of diabetes in their Motion was so conclusory as to have been waived. Nonetheless, as Plaintiffs provide additional support in their Reply, the Court will address the same. Here, Plaintiffs contend that even assuming Ms. Kolbe does not have diabetes, she has a record of diabetes.

To prove disability based on a record of impairment, a plaintiff must prove she has a record (history) of having a recognized impairment. *Zwygart*, 483 F.3d at 1091. The problem here, however, is that Ms. Kolbe's medical record does not support a finding, on summary

---

[6] As stated, the Laboratory Data Report reflects it was ordered April 26, 2016.
[7] If there are other readings, Plaintiffs fail to identify where they are in the record. The Court found no laboratory report or other test in the medical record to show Ms. Kolbe has (or does not have) diabetes. In fact, the medical record Plaintiffs provide contains no laboratory report, not even the one her primary care provider ordered which Dr. Khan relies upon.

judgment, that she has history of diabetes.[8] Plaintiffs' further reliance on the "Referral Communication Form" (submitted in their Reply) does not support a contrary result. Plaintiffs state that form lists the date of the diagnosis of her diabetes; that form, however, states the "onset" of Ms. Kolbe's diabetes was April 26, 2016 – the date of the primary care provider's first medical record of Plaintiff and the date in which the A1c test was ordered. (ECF No. 41, p. 3.) Thus, Plaintiffs' argument that Defendant *cannot* dispute Ms. Kolbe has a record of diabetes is unavailing.

Plaintiffs' argument that Defendant *does not* dispute whether Ms. Kolbe has a record of diabetes also fails. As support, Plaintiff relies on Defendant's Response, but that Response was directed to Plaintiffs' Introduction. While Defendant did not dispute parts of Plaintiffs' Introduction, the non-dispute was that "Ms. Kolbe's primary care provider referred her to Defendant's practice for endocrine services." This statement does not establish that Ms. Kolbe has a record of diabetes.

As Defendant asserts in its Response, "Defendant was presented with a lab report from the referring medical provider that showed that Wendy Kolbe did not meet the criteria of having diabetes. The diagnosis of such a disease is a necessity with regards to her record of disability." Accordingly, Plaintiffs' request for summary judgment that Ms. Kolbe has a record of disability is denied.

---

[8] Ms. Kolbe's affidavit states that her alleged diabetes has been recorded by various health care providers, but the only records provided were those of one provider of visits prior to and after her appointment with Dr. Khan.

### 3. "Regarded as Having Diabetes" (Regarded as Disabled)

As with "record" of diabetes, Plaintiffs' Motion stated summarily that "Defendant regarded Ms. Kolbe as an individual with Diabetes." (ECF No. 28, p. 4.) Again, such argument is usually waived but as Plaintiffs raise it further in their Reply, the Court will address the same.

Plaintiffs' analysis goes like this: Dr. Khan is an endocrine specialist employed by Defendant; Ms. Kolbe's primary care physician referred her to an endocrine specialist; Dr. Khan had access to and reviewed Ms. Kolbe's medical records which "state her diagnosis of Diabetes"; therefore, Defendant regarded Ms. Kolbe as an individual with a disability. The Court is not persuaded.

First, Plaintiffs cite no legal authority to support such a proposition. Further, Plaintiffs fail to address what is required to meet this "regarded as" prong.[9] Finally, the record shows Dr. Khan reviewed Ms. Kolbe's laboratory data – which shows her A1c to be in the non-diabetic range. On this record, Plaintiffs fail to present sufficient evidence that Dr. Khan regarded Ms. Kolbe as disabled. Therefore, Plaintiffs are not entitled to summary judgment on this issue.

### B. Defendant's Policy

In light of the lack of determination that Ms. Kolbe has a disability covered under the Federal Disability Acts, the Court need not reach the remaining arguments now, i.e., whether Defendant's policy and alleged actions violated Ms. Kolbe's rights under the Federal Disability Acts.

---

[9] If the test is whether Plaintiffs have presented sufficient evidence that Defendant "subjective believed" that (1) Ms. Kolbe has a substantially limiting impairment that she does not have; or (2) Ms. Kolbe has a substantially limiting impairment when the impairment is not so limited, *E.E.O.C. v. BNS Railway Co.*, 853 F.3d 1150, 1155-56 (10th Cir. 2017), Plaintiffs still would not prevail on summary judgment. "Under both tests, [the courts] ask whether [the defendant] mistakenly believed that the plaintiff was substantially limited in performing a major life activity." *Id.* at 1156.

## IV. CONCLUSION

"'Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals.'" *Levorsen*, 828 F.3d at 1230 (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001)). By the denial of Plaintiffs' Motion, the Court makes no finding as to whether Ms. Kolbe does not does not have diabetes[10] – and relatedly – whether Defendant did or did not violate the Federal Disability Acts. The Court only finds that, based on the record presented, it is insufficient to find in favor of Plaintiffs on their motion for summary judgment. Accordingly, it is

ORDERED that Plaintiffs' Motion for Summary Judgment on Liability (ECF No. 28) is DENIED.

DATED this 8th day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[10] Defendant argues Ms. Kolbe does not have diabetes but did not move for summary judgment on the issue. Moreover, as stated, based on the current record, there is a genuine issue of fact on the matter.