IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-1871-RM-SKC

WENDY KOLBE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization,

    Plaintiffs,

v.

ENDOCRINE SERVICES, P.C., a Colorado Corporation,

    Defendant.

---

ORDER
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendant's Motion for Summary Judgment ("Motion") (ECF No. 82), seeking summary judgment on all claims on the basis that Plaintiff Wendy Kolbe cannot show that she was "disabled" when she visited Defendant's office for medical services. Plaintiffs have filed a response, to which Defendant has filed a reply. Upon consideration of the Motion, the relevant parts of the court record, and the applicable statutes and case law, and being otherwise fully advised, the Court finds and orders as follows.

**I.    BACKGROUND**

On April 26, 2016, Ms. Kolbe visited her primary care provider at Pueblo Community Health Center ("PCHC") who took a self-reported history of Ms. Kolbe's health. Ms. Kolbe reported she had diabetes and her provider ordered a Hemoglobin A1c test.[1] The Laboratory

---

[1] The hemoglobin A1c test is one method used to diagnose diabetes.

Data Report ("Lab Report"), dated April 27, 2016, showed Ms. Kolbe's A1c was 5.6, which is in the non-diabetic range. However, the record shows that, at that time, Ms. Kolbe was being treated for diabetes, e.g., taking insulin. And, diabetes treatment can lower blood glucose and lower A1c readings, resulting in A1cs being within a normal range.

On or about May 12, 2016, Ms. Kolbe's provider referred her to Defendant's practice for endocrine services. Dr. Khan, the principal owner of Defendant and its sole physician, reviewed Ms. Kolbe's Lab Report and the May 12, 2016 referral form and PCHC report prior to her appointment on June 8, 2016.

On June 8, 2016, Ms. Kolbe arrived at her appointment with her dog Bandit. Dr. Khan appeared and Ms. Kolbe mentioned that Bandit is her diabetes service dog. Whether Dr. Khan asked or demanded that Ms. Kolbe remove Bandit from the premises is disputed; regardless, Dr. Khan would not allow Bandit to stay because he did not believe that Ms. Kolbe had diabetes. Ms. Kolbe left the premises with Bandit; this lawsuit followed.

In her complaint, Plaintiffs allege Defendant discriminated against Ms. Kolbe on the basis of her disability in refusing to provide endocrinology services to her with Bandit present. Plaintiffs assert three claims for relief: violations of Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Colorado Anti-Discrimination Act ("CADA") (collectively, the "Acts"). As relief, Plaintiffs seek an order declaring Defendant violated the above Acts, directing Defendant to comply with the Acts, damages, and attorney's fees and costs.

Plaintiffs previously moved for summary judgment of liability as to the ADA and Section 504 claims, before discovery was completed. The Court denied that motion because it found

there were genuine issues of material fact based on the arguments and evidence presented. Discovery has been completed and Defendant now moves for summary judgment as to all claims on the basis that Ms. Kolbe does not have diabetes.

## II.     LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). "[T]he nonmoving party must

do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008) (quotation marks and ellipsis omitted). The facts, however, must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

### III.  ANALYSIS

Defendant argues there is no evidence that Ms. Kolbe has diabetes and, therefore, there can be no liability under any of the Acts. Plaintiffs concede, for purposes of the Motion, that they must prove Ms. Kolbe had a disability, i.e., diabetes, at the time she visited Dr. Khan. The parties also agree that the standards for determining liability under the Acts are the same, and their papers apply the standard under the ADA. (ECF No. 82, pp. 3-4; No. 89, pp. 7 & 15 n.12.) Accordingly, the Court assumes it is so and will do likewise.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Congress defines the term "disability" under the ADA in three ways. 42 U.S.C. § 12102(1)(A)-(C). They are, with respect to an individual: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." *Id.*

Plaintiffs argue Ms. Kolbe is disabled because she has diabetes (actual disability) and has a record of having diabetes. They assert Defendant's Motion should be denied because (1) the Court previously denied Plaintiffs' motion for summary judgment; and (2) they have presented sufficient evidence to create a factual issue on whether Ms. Kolbe was – and is – disabled. The Court agrees as to the second argument, but not the first.

To start, the denial of Plaintiffs' earlier motion does not mandate the denial of Defendant's motion. *Cf. Christian Heritage Academy v. Oklahoma Secondary School Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007) ("Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." (quotation marks and citation omitted)). After all, the evidence is not the same.

As for Plaintiffs' second argument, the Court agrees that Plaintiffs have presented sufficient evidence to create a genuine dispute of material fact as to whether Ms. Kolbe had diabetes. For example, the record shows Ms. Kolbe was (and is) using insulin and has been treated for diabetes with different types of insulin; that Ms. Kolbe's A1c result of 5.6 while on treatment for diabetes does not mean she does not have diabetes; that Ms. Kolbe's health care provider was treating Ms. Kolbe for Type 2 diabetes and would not do so if she did not have indications she had diabetes; and that Ms. Kolbe was using a Dexcom unit[2] and it was picking up low blood sugars. Accordingly, on this record, a reasonable factfinder could conclude that Ms. Kolbe had diabetes.[3]

---

[2] A Dexcom unit is a continuous glucose monitoring device. (ECF No. 90-1, 36:25-37:2.) Continuous glucose monitoring is helpful for diabetes because "it keeps telling the sugars." (ECF No. 90-1, 37:8-14.)

[3] The Motion focuses on actual disability and Defendant's argument concerning record of disability is so cursory as to be waived.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 82) is **DENIED**.

DATED this 22nd day of July, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge