## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 17-cv-1871-RM-SKC

WENDY KOLBE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization,

    Plaintiffs,

v.

ENDOCRINE SERVICES, P.C., a Colorado Corporation,

    Defendant.

---

## ORDER DENYING IN PART
## PLAINTIFFS' MOTION TO STRIKE

---

This matter is before the Court on Plaintiffs' Motion to Strike Fed. R. Civ. P. 26(a)(2) Disclosures and Report and to Exclude Expert Testimony of Michael McDermott, M.D. (the "Motion") (ECF No. 64). The Motion is now fully briefed. Upon consideration of the Motion, the relevant parts of the court record, and the applicable rules and case law, and being otherwise fully advised, the Court finds and orders as follows:

    **I.**    **BACKGROUND**

The parties are well versed with the background, so it will not be repeated here. In summary, Pueblo Community Health Center ("PCHC") referred Ms. Kolbe to Defendant's office for endocrine services. Prior to Ms. Kolbe's arrival for her appointment on June 8, 2016,[1] Dr.

---

[1] Plaintiffs contend there is some issue as to the exact date of Ms. Kolbe's appointment but accepts the June 8, 2016 date. (ECF No. 64, p. 2 n.2.)
  The page numbers referenced in this Order are to those assigned to the document by the CM/ECF system and are found in the upper right hand corner of the document.

Khan, the only physician at Defendant's office, received a copy of Ms. Kolbe's April 26, 2016 Lab Report showing her A1c was 5.6 (in the non-diabetic range) and PCHC's note/referral for services. Upon review of the documents, Dr. Khan determined that Ms. Kolbe did not have diabetes, i.e., a disability. Thus, when Ms. Kolbe arrived with her dog Bandit, Dr. Khan asked the dog to be removed from the office. This lawsuit followed.

Plaintiffs allege Defendant discriminated against Ms. Kolbe on the basis of her disability in refusing to provide endocrinology services to her with Bandit, her alleged service dog, present. Plaintiffs assert three claims for relief: violations of Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Colorado Anti-Discrimination Act ("CADA") (collectively, the "Acts"). Plaintiffs concede that in order to establish a prima facie case on her claims, Ms. Kolbe must prove that she is "disabled." Thus, Ms. Kolbe must establish that she had diabetes or had a record of having diabetes[2] at the time she appeared for her appointment with Dr. Khan at Defendant's office.

Pursuant to the Magistrate Judge's order, affirmative expert designations were due by May 31, 2019 and rebuttal expert designations were due by June 28, 2019. In support of their case, Plaintiffs submitted the expert report of Cecilia Low Wang, M.D. Essentially, Dr. Low Wang reviewed Ms. Kolbe's medical records and opines that the "records are consistent with a diagnosis of diabetes made sometime between 2012 and 2016, likely type 2 diabetes." (ECF No.

---

[2] Plaintiffs appear to have vacillated on whether they are also relying on record of having diabetes and regarded as having diabetes. In their initial motion for summary judgment, Plaintiffs rely on actual diabetes, record of diabetes, and regarded as having diabetes. (ECF No. 28, p. 4.) In Plaintiffs' response to Defendant's motion for summary judgment, Plaintiffs rely on actual diabetes and record of diabetes. (ECF No. 89, p. 7.) Accordingly, the Court finds that Plaintiffs have abandoned any claim based on being "regarded" as having diabetes. Otherwise, Dr. Khan's belief would be at issue. *See Lanman v. Johnson Cty., Kansas,* 393 F.3d 1151, 1156 (10th Cir. 2004) ("A person is regarded as disabled when (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." (internal quotation marks and citation omitted)).

74, p. 5.) Thereafter, on June 19, 2019, Defendant submitted the expert report of Michael T. McDermott, M.D.

Plaintiffs' Motion seeks to strike Dr. McDermott's report, relying on three arguments: (1) it is irrelevant; (2) it fails to comply with Fed. R. Civ. P. 26(a)(2)(B)(ii), (v), and (vi); and (3) it is untimely, as it violates the expert disclosure deadlines set in the Scheduling Order. But, based on Plaintiffs' reply brief, they also argue that Dr. McDermott's opinions are unreliable.

## II.     LEGAL STANDARD

### A.   Fed. R. Civ. P. 26 and 37

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to disclose the identity of any expert witness it may use at trial. If an expert witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure of the expert's identity must be accompanied by a written report and include other information. Fed. R. Civ. P. 26(a)(2)(B). "The purpose of expert disclosures is 'to eliminate surprise and provide opposing counsel with enough information...to prepare efficiently for deposition, any pretrial motions and trial.'" *Carbaugh v. Home Depot U.S.A., Inc.*, No. 13-CV-02848-REB-MEH, 2014 WL 3543714, at *2 (D. Colo. July 16, 2014) (ellipsis in original) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121–22 (D. Colo. 2006)).

Where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad

3

discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quotation marks and citation omitted).

### B. Fed. R. Evid. 702

Rule 702 of the Federal Rules of Evidence ("Rule 702") governs the admission of expert evidence in federal court. Fed. R. Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

To evaluate admissibility, the court follows three steps. First, the court must decide "whether the proffered expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019) (quoting Rule 702). Next, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable. *Id.* Finally, after reliability, the court evaluates whether the testimony is relevant. *See* Fed. R. Evid. 402. The trial court has discretion to determine "*how* to perform its gatekeeping function under *Daubert*." *Bill Barrett Corp.*, 918 F.3d at 770 (emphasis in original). A *Daubert* hearing is not mandated. *Id.* The proponent of expert evidence bears the burden of establishing its admissibility. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001).

### III. DISCUSSION

#### A. Rules 26 and 37

Plaintiffs have apparently abandoned most of their argument based on Rule 26(a)(2). The one issue which Plaintiffs continue to raise is the timeliness of the correction and identification of the 11 documents Dr. McDermott relied upon in rendering his opinion. In their reply brief, Plaintiffs contend that Defendant's "tardy" identification of documents that "explicitly contradicts" Dr. McDermott's conclusions is "too little too late." (ECF No. 73, p. 9.) Upon review of the record, the Court finds that Defendant has supplemented its expert disclosure, there is no showing the supplement is insufficient, and the records Dr. McDermott reviewed are limited and Plaintiffs already have them. On this record, the Court finds any delay or Rule 26 violation was harmless. Accordingly, any argument based on Rule 26 is rejected.

#### B. Affirmative vs. Rebuttal Report

Based on Dr. McDermott's report and Defendant's arguments, the report purports to cover two, albeit overlapping, opinions.[3] First, based on the documents Dr. McDermott has reviewed, the information was insufficient to determine that Ms. Kolbe had a diagnosis of diabetes according to the current American Diabetes Association (ADA) guidelines. And, second, based on that information, Dr. Khan had no evidence that Ms. Kolbe had type 2 diabetes mellitus. The Court agrees with Plaintiffs that Dr. McDermott's opinion regarding what Dr. Khan had evidence of is not proper rebuttal testimony to that of Dr. Low Wang. Accordingly, this opinion is untimely and will be stricken.[4] But, Dr. McDermott's testimony regarding whether, based on his review of documents, it was insufficient to establish Ms. Kolbe had a

---

[3] Defendant's arguments are far from a model of clarity.
[4] Defendant raises no argument as to why, if it is not rebuttal opinion, such report should otherwise be allowed.

diabetes diagnosis does constitute rebuttal testimony to that of Dr. Low Wang.[5] Accordingly, this part of Dr. McDermott's testimony will not be stricken.

### C. Relevancy and Reliability

*Relevancy.* On the issue of relevancy, Plaintiffs rely primarily on Dr. McDermott's opinion regarding Dr. Khan and what he had evidence of, which the Court has already determined will be stricken. As to Dr. McDermott's opinion regarding the sufficiency of information to determine whether Ms. Kolbe had a diagnosis, the Court agrees with Defendant that this opinion is relevant to the issue at hand. As Plaintiffs acknowledge, Ms. Kolbe must establish she has diabetes as part of her prima facie case.

Defendant provides a list of documents Dr. McDermott reviewed but, based on the record, Dr. McDermott appears to be mistaken that *all* of such information was before Dr. Khan at the time Ms. Kolbe arrived at his office. Nonetheless, the Court finds this discrepancy is irrelevant because it has found that Dr. McDermott may not testify as to his opinion regarding Dr. Khan and what he had evidence of.

*Reliability.* Plaintiffs' argument here that Dr. McDermott's report is unreliable is based on two contentions. First, Plaintiffs contend that ten of the records Dr. McDermott relied upon were not provided to Dr. Khan prior to Ms. Kolbe's appointment. That may be true. But the Court has already determined that Dr. McDermott may not testify as to his opinions regarding what Dr. Khan knew. Next, Plaintiffs assert the records contradict Dr. McDermott's conclusion of a lack of diagnosis of diabetes under the ADA criteria, arguing, for example, that an April 2016 record states that "[t]he diabetes mellitus began in 2009." (ECF No. 73, p. 8, brackets in

---

[5] That Dr. McDermott's opinion does not refer to Dr. Low Wang's opinion does not preclude it from being rebuttal testimony. His conclusion is contrary to Dr. Low Wang's.

original.) But that is nothing more than Plaintiffs' disagreement with an expert's analysis and conclusions from his review of the medical records, a matter for cross-examination at trial.[6] Plaintiff is free to challenge Dr. McDermott's rationale and opinions at trial, including what he relied or did not rely upon.

## IV.     CONCLUSION

Based on the foregoing it is **ORDERED** that Plaintiffs' Motion to Strike (ECF No. 64) is DENIED IN PART and GRANTED IN PART as stated herein.

DATED this 24th day of July, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[6] If disagreement with medical records is sufficient to constitute unreliability sufficient to exclude an expert's opinion, the reliability of Dr. Low Wang's opinion is also in question. Dr. Low Wang opines that, based on her review of the medical records, Ms. Kolbe's diagnosis of diabetes was "made sometime between 2012 and 2016." This is contrary to the April 2016 record stating Ms. Kolbe's diabetes began in 2009 and Ms. Kolbe's testimony that she was diagnosed in 2009. (ECF No. 94, OSUMF at row 5, page 7.)