# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-1871-RM-SKC

WENDY KOLBE, and
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit organization,

 Plaintiffs,

v.

ENDOCRINE SERVICES, P.C., a Colorado Corporation,

 Defendant.

## ORDER

 This matter is before the Court on Plaintiffs' Motion to Amend Final Pretrial Order (the "Motion") (ECF No. 106), seeking to amend by adding three "will call" lay witnesses and one "may call" lay witness.[1] Defendant opposes the Motion. The matter is fully briefed and ripe for determination. Upon consideration of the Motion, the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

### I. LEGAL STANDARD

 Pursuant to Rule 16(e), a pretrial order may only be amended to "prevent manifest injustice." Fed. R. Civ. P. 16(e). In determining whether a district court abuses its discretion in denying a motion to amend a pretrial order, the Tenth Circuit considers the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Koch v. Koch Indus., Inc.*,

---

[1] Identified in the Final Pretrial Order as nonexpert witnesses who "will be" present and "may be" present at trial. (ECF No. 103.)

203 F.3d 1202, 1222-23 (10th Cir. 2000) (citations omitted) (hereafter the "*Koch* factors"). *See also Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1117 (10th Cir. 2003) (same). In addition, the Tenth Circuit considers whether the party seeking an amendment "formally and timely moved for such modification in the trial court." *Koch*, 203 F.3d at 1223. "The party seeking to amend the order bears the burden of proving manifest injustice would occur without permitting the requested amendment." *Arias v. Pacheco*, 380 F. App'x 771, 774 (10th Cir. 2010) (citing *Koch*, 203 F.3d at 1222).

## II.     DISCUSSION

The four lay witnesses whom Plaintiffs seek to include – and be allowed to testify at trial – are Ms. Kolbe's two daughters (Crystal and Christina Case), a friend (Dusty Dodge), and a prior medical provider (Connie Gable). Relying primarily on the *Koch* factors, Plaintiffs argue leave should be granted to amend. In response, Defendant acknowledges these four witnesses were previously identified but asserts their prior disclosures are substantially different from what Plaintiffs now disclose such witnesses will testify about at trial. And, based on Plaintiffs' previous disclosures of these witnesses' knowledge, Defendant found no need to (and did not) conduct discovery concerning such witnesses. Thus, Defendant objects to the amendment. Plaintiffs reply that Defendant fails to address the *Koch* factors; the differences in disclosures are "minor" and provides only "more detail"; and there is little to no harm to Defendant because Ms. Kolbe's medical records eliminated the need for depositions. Thus, Plaintiffs contend, the amendment should be allowed. Upon examination of various relevant factors, the Court agrees an amendment should allowed but finds that Defendant should be allowed to interview or depose two witnesses if it wishes to do so.

***Timeliness.*** Plaintiffs assert these witnesses were previously disclosed by February 14, 2018, and Defendant's counsel questioned[2] Ms. Kolbe about them during her deposition of August 22, 2019. Plaintiffs, however, fail to point to the record where Defendant questioned Ms. Kolbe about her daughters; the Court's search of her deposition found no such discussion. Further, the Final Pretrial Order was entered on January 21, 2020 but Plaintiffs did not seek leave to amend until five months later – June 23, 2020. Nonetheless, the Motion was filed about two months before the trial preparation conference (August 21, 2020) and almost three months before trial (September 14, 2020). Thus, especially because of the limited number of issues, the Court finds the Motion was timely filed.[3]

***Prejudice and the ability of that party to cure.*** Defendant did not use the word "prejudice" but that is what it is arguing. Specifically, Defendant argues the general disclosures as to all four witnesses consisted of "likely to have information relevant to this case, including, but not limited to, Ms. Kolbe's medical conditions." Thus, in response to Plaintiffs' argument that Defendant could have deposed the witnesses, Defendant contends it found no need to depose such witnesses regarding their general knowledge of Ms. Kolbe's medical condition because it had access to her medical records. In reply, Plaintiffs argue the testimony of these witnesses falls within the broad umbrella of "medical conditions."[4] The Court finds that is not so as to all the witnesses.

The Court starts with Mr. Dodge. Ms. Kolbe did testify as to her limited interaction with Mr. Dodge, a friend, on the day of her office visit after she had left Defendant's office. Thus, Defendant was on sufficient notice of Mr. Dodge's knowledge and involvement in this case. Any

---

[2] ECF No. 106, p. 2.
[3] Defendant does not argue otherwise.
[4] The Court questions the sufficiency of such a broad disclosure but leaves that question for another day, in another case, as it has not been challenged here.

proffered testimony by Mr. Dodge, however, will be limited to what was disclosed during the deposition.[5]

As to Ms. Kolbe's daughters, it not at all clear to the Court that their proffered testimony would be included in the medical records. For example, no evidence or information has been presented to show the Court that Defendant would have been on notice that Christina Case allegedly attended classes with Ms. Kolbe to assist with diabetes management. And, as stated, the Court found no testimony in Ms. Kolbe's deposition discussing her daughters or their knowledge about Ms. Kolbe's diabetes. But the burden is on Plaintiffs to show that an amendment may be had. And, on this record, the Court finds some prejudice to Defendant due to this belated disclosure. Any prejudice, however, may be cured by allowing Defendant to interview[6] or take limited depositions of Ms. Kolbe's daughters.

Ms. Gable, however, is a different matter. Ms. Kolbe testified about Ms. Gable's role in Ms. Kolbe's medical care and management during her deposition. Thus, Defendant had more than adequate notice of the nature and extent of Ms. Gable's involvement.

***Disruption to the orderly and efficient trial of the case***. Plaintiffs are not injecting new issues or theories but are seeking to add witnesses who have previously been disclosed. The Court finds that although their disclosures – and subsequent discovery – may not have adequately disclosed the knowledge of all of such witnesses, allowing the amendment to include them as witnesses would not disrupt the trial of this case.

***Bad faith.*** The Court finds no evidence of any bad faith by Plaintiffs. Instead, allowing Plaintiffs the ability to call such witnesses will allow their case to be fully heard on the merits.

---

[5] By allowing Plaintiffs leave to amend to include these four witnesses the Court is in no way indicating whether such witnesses may so testify. For example, the Court is not finding that Mr. Dodge may testify as to what Ms. Kolbe allegedly told him during any such conversation.
[6] Plaintiffs indicate that, prior to the close of discovery, Defendant could have contacted these witnesses and deposed them. (ECF No. 106, p. 1.)

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED** that Plaintiffs' Motion to Amend Final Pretrial Order (ECF No. 106) is GRANTED as stated herein; and it is

**FURTHER ORDERED** that Defendant shall be allowed to interview or depose (in person, by telephone, or by video) Crystal and Christina Case on or before August 28, 2020.

DATED this 4th day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge